**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Michael Tyrone Todd,** | ) | **CASE NO. 1:06 CV 1740** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Michael J. Astrue,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Nancy A. Vecchiarelli (Doc. 17) recommending that the decision of the Commissioner be affirmed.  Defendant seeks benefits under the Social Security Act. Defendant has filed objections to the R&R.  For the reasons that follow, the R&R is REJECTED and the decision of the Commissioner is REVERSED.  This matter is REMANDED for a calculation of benefits.

**FACTS**

Only those facts necessary for a ruling on the objections filed by plaintiff are set forth

1

herein.

Plaintiff, Michael Tyrone Todd, filed this lawsuit challenging the Commissioner's decision to deny him Disability Insurance Benefits and Supplemental Security Income.

The ALJ concluded that Todd is disabled due to medically determinable impairments consisting of polysubstance abuse, paranoid schizophrenia or drug induced psychosis, sleep apnea and COPD.  The ALJ further concluded that Todd's substance abuse was a material factor contributing to his disability.  Relying on the testimony of the Medial Expert ("ME"), the ALJ concluded that absent substance abuse, Todd is not disabled.

## STANDARD OF REVIEW

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*.  Federal Rule of Civil Procedure 72(b) provides in pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

## ANALYSIS

Todd objects to the R&R on various grounds.  Each will be addressed in turn.

2

In determining that Todd was not disabled absent the use of drugs and/or alcohol, the ALJ relied on the ME.  The ME opined that when including drug and/or alcohol use and noncompliance with medication, Todd's limitations are marked under Listing 12.03(B).  He testified, however, that if Todd was compliant with his medication and free of drugs and alcohol, his limitations would be moderate.  The ME further testified that he could discern no time period during which Todd was drug and alcohol free.  Accordingly, he could only theorize what Todd's limitations would be absent drugs and alcohol.

Todd argues that the ALJ erred in relying on the ME's testimony because it was purely theoretical.  According to Todd, SSA Policy requires that the ALJ conclude a claimant is disabled if it is not possible to separate out the effects of drug and alcohol dependency.  Todd argues that the ME testified on a "hypothetical" basis and, accordingly, his testimony cannot constitute substantial evidence sufficient to support a finding of non-disability.

The Court finds Todd's argument well taken.  Although the Court recognizes that the analysis is somewhat "theoretical" by nature when there is no discernable period where the claimant is free of drugs and alcohol, the ALJ's conclusion must nonetheless be supported by substantial evidence.  In this case, the Court finds that the decision to deny benefits as a result of drugs and alcohol is not supported by substantial evidence.  As Todd points out, the ME testified that his practice is to review the record and determine whether the claimant was free of drugs and alcohol for a period of time and compare his impairments during that period to those during which he was drug and alcohol dependent.  In this case, the ME testified that he had no such

data.[1]  Absent such data, the ME indicated that his opinion is purely theoretical.  While theoretical opinions may constitute substantial evidence, in this case the ME's opinion does not satisfy the standard.  He makes no effort to discuss the effects of drugs and alcohol on specific medical findings.  Nor does he opine even generally about how drugs and alcohol contribute to or exacerbate the disabling conditions found by the ALJ.  In fact, he simply testifies as to the ultimate issue. Most troubling is the ALJ's reliance on the ME's testimony concerning Todd's sleep related disabilities.  The ME repeatedly testified that he is not an expert in sleep disorders and that sleep apnea is "outside the domain" of his specialty.  Rather, he stated that based on "general medical knowledge" he believes that drugs and alcohol played an "important role" in the sleep apnea.  The Court finds that the ALJ improperly relied on the ME's testimony regarding the impact of drugs and alcohol on Todd's sleep apena.   Todd had a long history of sleep disorders, including a diagnosis of "severe sleep apnea/hypopnea with significant oxygen desaturation and cardiac arrythmia."  He was also diagnosed with a deviated septum.  He wore a CPAP machine while he slept in an effort to improve the cardiac irregularities and oxygenation levels.  One physician opined that he was unemployable because his obstructive sleep apnea may cause him to fall asleep anytime during the day.  The ME, however, fails to address any of this evidence in summarily concluding that drugs and alcohol contribute heavily to sleep apnea.  Simply put, the ME offers nothing other than a conclusory and unsupported opinion in hypothesizing that absent drugs and alcohol, Todd is not disabled.  This type of unsupported hypothesis, especially given his admitted lack of expertise in the area of sleep disorders, does not

---

[1] He testified that he believed there to be no such period.  He also testified, however, that information derived at the hearing indicates that his belief may have been erroneous.

constitute substantial evidence.[2]

Based on the ALJ's initial conclusion, the claimant is disabled. The ALJ's reliance on the ME's conclusory opinion that Todd's substance abuse is a materially contributing factor to his disability is not supported by substantial evidence. This matter is remanded for a calculation of benefits.

### **CONCLUSION**

For the foregoing reasons, the R&R is REJECTED and the decision of the Commissioner is REVERSED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/7/07

---

[2] This Court is not opining that a claimant must be found disabled if there is no time period in which he is free of drugs and alcohol. Rather, the Court recognizes that some degree of "hypothesizing" may be necessary. However, the ALJ must rely on evidence to support his conclusion. For example, perhaps the ME could have testified that he had ruled out other causes of a deviated septum, like physical trauma, in concluding that drugs and alcohol heavily contributed to his sleep disorder. Or, perhaps he could have opined that the types of hallucinations or the onset age of the hallucinations tends to support a conclusion that the psychosis is drug induced. There are, however, no such findings supporting the ME's opinion.