UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Tyrone Todd,** | ) | **CASE NO. 1:06 CV 1740** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Michael J. Astrue,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant's Motion to Alter or Amend Judgment (Doc. 28).  This is a social security case.  For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.

### FACTS

Only those facts necessary for a ruling on defendant's motion are set forth herein.

Plaintiff, Michael Tyrone Todd, filed this lawsuit challenging the Commissioner's decision to deny him Disability Insurance Benefits and Supplemental Security Income.

The ALJ concluded that Todd is disabled due to medically determinable impairments

1

consisting of polysubstance abuse, paranoid schizophrenia or drug induced psychosis, sleep apnea and COPD.  The ALJ further concluded that Todd's substance abuse was a material factor contributing to his disability.  Relying on the testimony of the Medial Expert ("ME"), the ALJ concluded that absent substance abuse, Todd was not disabled.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. "Instead, such motions, if served within ten days of entry of judgment, are considered motions to alter or amend judgments pursuant to [ ] Rule 59(e)."  *Stubblefield v. Skelton*, unreported, 117 F.3d 1421 (6th Cir. July 10, 1997), *citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).  "Generally, there are three major situations which justify a court reconsidering one of its orders: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice."  *Hancor, Inc. v. Inter American Builders Agencies*, 1998 WL 239283 (N.D. Ohio March 19, 1998), *citing In re Continental Holdings, Inc.*, 170 B.R. 919, 939 (Bankr. N.D. Ohio 1994).  The ten day filing period, however, is jurisdictional in nature, and any motion to reconsider filed outside this time frame is of no effect.  *Feathers v. Chevron, U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

### ANALYSIS

Defendant argues that this Court erred in finding that defendant's determination that drug and alcohol use could be separated such that it was a "material" factor contributing to the finding of disability was not supported by substantial evidence.  Plaintiff disagrees.  The Court has reviewed the arguments presented by defendant and concludes that defendant is not entitled to

...

reconsideration of this conclusion. Defendant's motion simply reargues the points raised in response to plaintiff's objections. No new arguments is presented, nor does defendant point to any clear error of law.

On the other hand, the Court agrees with defendant that remand of this matter pursuant to sentence four of § 405(g) is warranted. Upon finding that substantial evidence does not exist to support the Secretary's decision, this Court can reverse a decision and award benefits immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994). This Court cannot say that the record adequately establishes that drug and alcohol use cannot be separated such that a finding of disability is warranted. Accordingly, this matter is remanded to defendant to obtain additional evidence on the effects of drugs and alcohol on plaintiff's impairments.[1]

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 2/15/08

---

[1] To the extent plaintiff is suggesting that the Court concluded that there must be a time period of non-use in order to make this determination, the Court clarifies that it made no such conclusion. Rather, the Court simply concluded that the testimony of Dr. Ross did not constitute substantial evidence.