**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL TYRONE TODD, | ) | CASE NO:   1:06-cv-01740 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 12, 2008, Plaintiff, through his attorney, Paulette F. Balin, filed a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  (Doc. No. 33.)  For the reasons that follow, Plaintiff's motion (Doc. No. 33) should be **DENIED**.

**I. Background**

On February 20, 2008, Judge Gaughan issued a Memorandum Opinion and Order rejecting the Report and Recommendation ("R&R") of the undersigned Magistrate Judge.  Judge Gaughan reversed the decision of the Commissioner and remanded for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).[1]  (Doc. No. 31.)  As Todd has filed a timely motion for attorney's fees, the Court has jurisdiction to consider the motion.  The Commissioner objects to the request for fees and argues that his position was substantially justified.  In the

---

[1] Judge Gaughan's initial Memorandum Opinion and Order, issued on December 7, 2007, reversed and remanded the case for calculation of benefits.  (Doc. No. 26.)  After the Commissioner filed a Motion to Alter or Amend Judgment on December 21, 2007 (Doc. No. 28), Judge Gaughan amended the ruling by remanding the case for further consideration of the issue of whether Plaintiff is disabled.  (Doc. No. 31.)

alternative, the Commissioner argues that the request for fees is excessive and should be reduced.

## II. Analysis

"The [EAJA] requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). It provides, in pertinent part as follows:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C . § 2412(d)(1)(A). A plaintiff is the "prevailing party" when he or she succeeds on any significant issue in the litigation resulting in the benefit of a remand. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Here, because judgment was entered in favor of Plaintiff and the case remanded to the Commissioner, Plaintiff is the "prevailing party." The pertinent issue is whether the position of the United States was substantially justified.

The phrase "position of the United States" refers to both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based." § 2412(d)(2)(D). The government bears the burden of establishing that the position of the United States was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). To satisfy that burden, the United States must show that its position was "justified to a degree that could satisfy a reasonable person," not merely that the government was "undeserving of sanctions for frivolousness." *Pierce v. Underwood*, 487 U.S. 552, 565-66

(1988). The mere fact that the government lost the case does not necessarily mean that its position was "not substantially justified." *Id. See* 28 U.S.C.A. § 2412(d)(1)(A). The "substantial justification standard" is essentially one of reasonableness. *Pierce v. Underwood*, 487 U.S. at 562-565. The pertinent inquiry is whether the United States's position had a reasonable basis in law and fact. *Id.* at 565. For the following reasons, the Court concludes it did; and, therefore, the position of the United States was substantially justified.

Based on the testimony of the ME at the hearing, the ALJ determined that Todd was not disabled absent his drug and alcohol abuse. The ME opined that when Todd's substance abuse and noncompliance with medications were included in his overall condition, Todd's limitations were "marked" under Listing 12.03(B), but that if Todd was compliant with his medications and stopped using drugs and alcohol, his limitations would be "moderate." The ME testified on cross-examination that his practice in determining whether substance abuse is a contributing factor material to a claimant's disability is by identifying a period of time when the claimant was free of substances and using that period as a comparison to the claimant's abilities and limitations when using substances. However, the ME further testified that the record reflected no time period during which Todd was ever drug and alcohol free, and, accordingly, that he could only hypothesize as to what Todd's limitations would be absent the drug and alcohol abuse.[2] He further testified that he believed Todd's psychosis was drug induced and that "based on general medical knowledge," he believed that Todd's drug and alcohol use exacerbated

---

[2]On cross-examination, the ME testified as follows: "When I don't have the information, I can only tell you that I fill out the PRTF with presence of drugs and alcohol and I do not make any comment as a rule what the patient would be like without the drugs and alcohol. I was asked the question to hypothesize and I did." (Tr. 190.)

Todd's sleep apnea.  (Tr. 192-93.)

Todd argued that because the ME identified no evidence on which he could "separate out" Todd's substance abuse limitations and his opinion was purely theoretical, the ALJ erred in adopting it.  While Judge Gaughan found this argument meritorious and reversed and remanded on this basis, the undersigned Magistrate Judge rejected the argument and found the ALJ's determination was supported by substantial evidence.  This Court is of the opinion that the Commissioner's position was substantially justified.

The burden of proving that substance abuse was not a contributing factor material to the disability determination falls on the claimant, "but if the ALJ is unable to determine whether substance abuse disorders are a contributing factor material to a claimant's otherwise acknowledged disability, the claimant's burden has been met and an award of benefits must follow."  *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003).  The Commissioner's position was reasonable because the record did not reflect that the ALJ was unable to determine whether Todd's substance abuse was a material contributing factor.  The ALJ expressly and repeatedly relied on the ME's testimony that if Todd stopped using drugs and alcohol and complied with medications, Todd's limitations would be "moderate," rather than "marked."  The mere fact that the ME's testimony was hypothetical did not necessarily render his testimony incapable of supporting the ALJ's finding.

Judge Gaughan agreed with the undersigned that "theoretical opinions may constitute substantial evidence," but determined that, in this case, the ME's testimony did not constitute substantial evidence.  While Judge Gaughan initially reversed and remanded solely for calculation of benefits, she amended that judgment and remanded the case for further

consideration of the issue whether Todd's substance abuse is a materially contributing factor to his disability. Although Judge Gaughan concluded that the ALJ's determination was not supported by substantial evidence, the Commissioner's position was "justified to a degree that could satisfy a reasonable person," as demonstrated by the R&R of the undersigned. Accordingly, Todd should not be awarded attorney's fees in this case.

### III. Conclusion

For the foregoing reasons, the undersigned recommends that attorney's fees not be awarded in this case.

*/s/ Nancy A. Vecchiarelli*
United States Magistrate Judge

Date: June 19, 2008

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**