**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Michael Tyrone Todd,** ) | **CASE NO. 1:06 CV 1740** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **Michael J. Astrue, Commissioner** ) | **Order** |
| **of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### INTRODUCTION

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Nancy A. Vecchiarelli (Doc. 39) recommending that plaintiff's motion for attorneys' fees be denied. For the reasons that follow, the R&R is ACCEPTED.

### FACTS

Plaintiff, Michael Tyrone Todd, filed this lawsuit challenging the Commissioner's decision to deny him Disability Insurance Benefits and Supplemental Security Income.

The ALJ concluded that Todd is disabled due to medically determinable impairments consisting of polysubstance abuse, paranoid schizophrenia or drug induced psychosis, sleep

1

apnea and COPD.  The ALJ further concluded that Todd's substance abuse was a material factor contributing to his disability.  Relying on the testimony of the Medial Expert ("ME"), the ALJ concluded that absent substance abuse, Todd is not disabled.

The Magistrate Judge recommended affirming the Commissioner's decision denying benefits.  This Court, however, rejected the decision, concluding that the ME's opinion did not constitute substantial evidence.  Although initially remanding the matter for a calculation of benefits, defendant moved the Court to alter or amend its judgment.  The Court granted defendant's motion and remanded the matter for additional consideration of whether Todd's substance abuse is a materially contributing factor to his disability.

Todd moved for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  Defendant opposed the motion.  The Magistrate Judge recommends that the motion be denied because defendant's position was substantially justified.  Plaintiff filed objections to the R&R.

**ANALYSIS**

"The [EAJA] requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified."  *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004).  A position is "substantially justified" if it has a reasonable basis in both fact and law.  *Id*.  The mere fact that the government lost the case does not necessarily mean that its position was not substantially justified.  *Id*.

Upon review, the Court agrees with that Magistrate Judge that the government's position was substantially justified.  The ALJ concluded that Todd was disabled and further concluded that there was no discernable period during which Todd was substance free.  Therefore, the ALJ

2

relied on the testimony of the ME, who "hypothesized" that Todd's remaining limitations would not render him disabled absent drug and alcohol use.  The Court concluded that substantial evidence did not support this determination.  The testimony was too general and conclusory to constitute substantial evidence.  Nonetheless, the Court found this to be a close call.  It is particularly difficult to support an opinion, which is hypothetical by nature, with substantial evidence.  Thus, while the Court believes the ME should have expounded on his opinion, the Court finds that it was reasonable for the government to rely on it.  Although not determinative, the Court notes that in the initial R&R, the Magistrate Judge agreed with defendant that the opinion was sufficient to constitute substantial evidence.  This fact supports the Court's conclusion that the government's position was substantially justified.

**CONCLUSION**

Having considered the Objections and upon review this Court agrees with the determinations of the Magistrate Judge and, therefore, her findings are hereby incorporated by reference.  The Report and Recommendation is ACCEPTED and Plaintiff's Motion for Attorneys fees is DENIED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/2/08